Defendant appeals from a conviction of the Essex County Court, Criminal Division, for the crime of breaking, entering and larceny in daytime, and the court's refusal to grant a new trial on the ground of newly discovered evidence.
At the trial, defendant's son, Herman Friedman, testified that his father could not have committed the crime, for the reason that the station wagon owned by the son, Herman, was in his possession at the time that the officer identified the father as the one he had seen come out of Mrs. Sedam's property carrying a radio, get in the station wagon and drive away. Subsequent to the father's conviction, the son, Herman Friedman, confessed that he, and not the father, had committed the crime.
It appears that at the time of the indictment against the father, an appeal was pending from a conviction of the son for another crime; that the prosecutor and the father's attorney were somewhat suspicious that the son had committed the crime for which the father had been indicted and that they were of the opinion that, if the conviction against the son were upheld by the appellate court, he might confess to this crime. Consequently, the trial of the indictment against the father was held in abeyance for several years. At the time of the father's trial the appellate court had reversed the conviction against the son. In the meantime, the statute of limitations had run as to the crime charged against the father. While the son cannot now be indicted for the crime charged against his father, he may be indicted for perjury in view of his confession that he and not his father committed the crime. However, the trial judge refused to grant a new trial on the ground that the son's story was not credible; that he did not see how a new trial would in any way alter the verdict of guilty returned against the father, even assuming the son might testify that he had committed the crime in question *Page 190 
and that, if a new trial were granted, in view of the son's criminal record and his inconsistent statements, there was no assurance that at a second trial of his father he would admit his own guilt.
It is true that in granting or refusing a new trial the court is exercising a discretionary power. Judge Jayne took occasion to characterize the powers to grant new trials in Bowen v. Healy's,Inc., 16 N.J. Misc. 113, at p. 115, (Sup. Ct. 1938), wherein he stated:
"* * * It is not, however, a boundless and illimitable discretion which can be peremptorily exercised."
And further at pp. 116, 117:
"It must always be apprehended that it is pre-eminently the mission of the jury to resolve the credibility of the testimony of the witnesses; to settle the facts and to determine the inferences which ought to be logically and legitimately drawn from them. * * *"
 * * * * * * * *
"These rules which characterize the power to grant new trials are well established, yet with the assumption that the exercise of the power is basically discretionary, we, as trial judges, are constantly importuned to weigh the conflicting testimony with exactness and precision and in reality to substitute our judgment for that of the jury. The power is essentially remedial in character. Its exercise is not intended to supplant the appropriate function of the jury."
Generally speaking, newly discovered evidence is evidence that is discovered after the original trial, as applied to a subsequent confession of another to the crime for which the accused has been convicted. It is said in 23 C.J.S., § 1454, atp. 1230:
"Evidence, not known to accused at his trial, which will tend to prove that the crime of which he has been convicted was committed by another person, may be ground for a new trial. A new trial on this ground rests in the sound discretion of the trial court, and depends largely on the credibility of the new evidence. * * * A new trial may be granted, however, on the deposition of another person that he, and not accused, is guilty. * * *"
In the instant case, in view of the agreed delay in the trial, grounded on the suspicions that the son, and not the *Page 191 
father, had committed the crime, the son's subsequent confession, his rather extensive criminal record and the father's good record for approximately twenty-five years prior to his indictment, we are constrained to hold that the ends of justice will best be served if a new trial is granted and thereby permit the jury to pass upon the credibility of the son's admission of his own culpability.
We have considered the other grounds of appeal and, while we think no harm or prejudice was suffered by defendant as a result of the appealed rulings of the court, the witnesses Mrs. Sedam and Officer O'Rourke might well have been permitted to answer on cross-examination the questions to which objection was made by the State and sustained by the court.
The judgment of the County Court denying defendant's application for a new trial is reversed and a new trial directed.